FILED

07/27/2021

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 20-0025

DA 20-0025

IN THE SUPREME COURT OF THE STATE OF MONTANA

2021 MT 188N

STATE OF MONTANA,

Plaintiff and Appellee,

v.

MARTIN ANDREW REINBOLT,

Defendant and Appellant.

APPEAL FROM:     District Court of the Fourth Judicial District,
In and For the County of Missoula, Cause No. DC 18-527
Honorable Shane A. Vannatta, Presiding Judge

COUNSEL OF RECORD:

For Appellant:

Chad Wright, Appellate Defender, Moses Okeyo, Assistant Appellate
Defender, Helena, Montana

For Appellee:

Austin Knudsen, Montana Attorney General, Brad Fjeldheim, Assistant
Attorney General, Helena, Montana

Kirsten Pabst, Missoula County Attorney, D. James McCubbin, Deputy
County Attorney, Missoula, Montana

Submitted on Briefs:  June 23, 2021

Decided:  July 27, 2021

Filed:

_____
Clerk

Justice Ingrid Gustafson delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Defendant and Appellant Martin Andrew Reinbolt (Reinbolt) appeals his jury conviction to the felony offense of Criminal Possession of Dangerous Drugs (CPDD) and the October 21, 2019 Order Denying Defendant's Motion for New Trial issued by the Fourth Judicial District Court, Missoula County, Montana. We affirm.

¶3 Reinbolt was stopped for a routine traffic stop just before midnight on August 16, 2018. Sergeant Robert Campbell (Officer Campbell) responded to assist Officer Ken Smith, the arresting officer. When Officer Campbell arrived on scene, Reinbolt had already been removed from his vehicle and was seated outside it on the curb. It was determined Reinbolt had outstanding warrants and he was arrested on them. After Reinbolt was arrested and hand-cuffed, Officer Campbell followed behind Officer Smith as he walked Reinbolt to his patrol car. Officer Campbell testified he observed Reinbolt "maneuvering his hands in such a way behind his back that it drew attention to me right away." He observed Reinbolt "maneuvering or manipulating something in his fingers" and "observed an object drop from the area of his hands down to the ground." Officer Campbell ultimately retrieved the item—a cellophane wrapper with two paper "bindles," which tested positive for methamphetamine. On August 31, 2018, the State charged Reinbolt

2

with felony CPDD in relation to possessing the cellophane wrapper containing methamphetamine and misdemeanor criminal possession of drug paraphernalia. The misdemeanor charge was dismissed prior to trial.

¶4 At trial, Officer Campbell testified to his observations and two videos of the arrest were admitted and shown to the jury. On cross-examination, Officer Campbell admitted he wrote a report and that the report was relied upon by the prosecution and the defense in preparing for trial. Officer Campbell also admitted that he was trained at the Montana Law Enforcement Academy that if it was not in his report, it did not happen but explained that this standard has changed somewhat with technology in that now there is increased reliance on video and bodycam recordings as well. Reinbolt's counsel had the following exchange with Officer Campbell regarding Officer Campbell's written report:

> [DEFENSE COUNSEL:] And, in your report, uh, you wrote down that you observed Martin discard something from -- "I observed him discard something from either his hands or from his waistband near where his hands were cuffed behind his back." Is that right?
>
> [OFFICER CAMPBELL:] Correct.
>
> . . .
>
> [DEFENSE COUNSEL:] Okay. So, but in your report, you made no mention of him maneuvering his hands in that nature. Do you recall?
>
> [OFFICER CAMBELL:] So, the report doesn't mention the -- if I recall in my report, it mentioned that I saw something or observed it from the area of his hands and his waistband. I don't know if it was from his hands or from his waistband, but.

During closing Reinbolt's counsel attempted to argue how Officer Campbell's testimony deviated from his written report. The prosecution objected on the basis that Reinbolt was

3

arguing facts not in evidence in that Officer Campbell's written report was not introduced into evidence so that the jury could not compare Officer Campbell's testimony with the report to determine their consistency.[1] The court sustained the objection.

¶5 On July 22, 2019, a jury convicted Reinbolt of felony CPDD. Thereafter, on August 19, 2019, Reinbolt filed a motion requesting the court vacate the jury verdict and order a new trial. In this motion, Reinbolt asserted the District Court prevented a fair trial by barring him from addressing witness testimony during closing argument. The District Court denied the motion for new trial.

¶6 On appeal, Reinbolt asserts the District Court violated his right to a fair trial by precluding him from presenting a complete defense by erroneously preventing him from arguing to the jury at closing about Officer Campbell's prior inconsistent statements made in his written report and then, again, by denying his motion for a new trial.

¶7 We exercise plenary review of the issue of whether a defendant received a fair trial. *State v. Geren*, 2012 MT 307, ¶ 28, 367 Mont. 437, 291 P. 3d 1144. After a guilty verdict,

---

[1]

> [DEFENSE COUNSEL:] Uh, early in my questioning I asked if he had relied on his report to testify today, and he said he did, because these things, you know, happen a lot. (Shakes head negatively) And he deviated from that report on essentially his most significant point when he said that Martin was --
>
> [PROSECUTOR:] Your Honor, I object. There is no report in evidence. There is no -- we have no evidence that he deviated from his report. And, in fact, I would submit that he did not.
>
> THE COURT: Your objection is sustained.
>
> [DEFENSE COUNSEL:] Judge, did I not ask him about his report?
>
> THE COURT: Mr. Wilson, you need to move on.

"the court may grant the defendant a new trial if required in the interest of justice." Section 46-16-702(1), MCA. We review denial of a motion for new trial for an abuse of discretion. *Geren*, ¶ 23.

¶8 We agree with Reinbolt that a criminal defendant has "the right to put before a jury evidence that might influence the determination of guilt." *Pennsylvania v. Ritchie*, 480 U.S. 39, 56, 107 S. Ct. 989, 1000 (1987). But this does not permit a defendant to argue facts not in evidence to a jury.

¶9 From our review of the record, Reinbolt misconstrues the court's ruling during his closing argument and makes much ado about nothing. For Reinbolt to be able to argue to the jury at closing that Officer Campbell made statements in his written report that were inconsistent with his trial testimony Reinbolt would have had to either have (1) entered Officer Campbell's written report into evidence, or (2) elicited testimony at trial from Officer Campbell showing the inconsistencies between his report and his testimony. He did neither. Reinbolt argues that although Officer Campbell's report was never admitted into evidence, Reinbolt believes Officer Campbell implicitly acknowledged[2] his observation of Reinbolt manipulating something in his hands was not in his report. The record simply does not support this argument. We agree with the District Court—Officer Campbell did not specifically acknowledge that any specific item or information was or was not in his report. Officer Campbell agreed on cross-examination that in his report he

---

[2] In his reply brief supporting his motion for new trial, Reinbolt states: "Campbell doesn't explicitly acknowledge that his observation of Reinbolt manipulating something in his hands was not in his report, but he implicitly does."

5

specifically noted that he observed Reinbolt discard something from either his hands or from his waistband near where his hands were cuffed behind his back. While he did not specifically testify to his report containing language about Reinbolt "manipulating" or "maneuvering" something in his hands, his response cannot reasonably be characterized as an admission that his report was lacking in some manner. Additionally, Officer Campbell explained that the videos, which were played and discussed during his testimony,[3] in essence, supplemented his report. On cross-examination, Reinbolt had full opportunity to impeach Officer Campbell by going through Officer Campbell's written report to elicit each and every statement in the report Reinbolt thought to be inconsistent with Officer Campbell's trial testimony. If indeed there were inconsistencies between Officer Campbell's written report and his testimony, they were not brought out at trial.[4] Merely mentioning Officer Campbell's report during his testimony did not place the report into evidence and did not make the contents thereof available to argue to the jury in closing. Reinbolt's right to present a complete defense does not include the ability to argue about the contents of a report not entered into evidence. *See State v. Criswell*, 2013 MT 177, ¶ 49, 370 Mont. 511, 305 P.3d 760; *State v. Insua*, 2004 MT 14, ¶ 30, 319 Mont. 254, 84 P.3d 11.

---

[3] Video Exhibits 1-A and 1-B show Reinbolt being walked to Officer Smith's patrol car after his arrest and Officer Campbell pointing out the dropped item to Officer Smith and Reinbolt.

[4] Reinbolt's questioning of Officer Campbell about his written report was limited to the one excerpt already discussed.

¶10    Additionally, the District Court did not, as asserted by Reinbolt, preclude him from commenting on Officer Campbell's testimony altogether but rather only precluded arguing how Officer Campbell's testimony was inconsistent with his written report, which was not in evidence and not available for the jury to review. Reinbolt was free to argue or highlight for the jury any inconsistencies in Officer Campbell's testimony itself or inconsistencies between his testimony and the other evidence admitted, as well as argue its lack of credibility or completeness based on the evidence admitted.

¶11    The District Court did not err in precluding Reinbolt from arguing that Officer Campbell's testimony was inconsistent with his written report, when the report was not in evidence and such inconsistencies were not elicited during Officer Campbell's testimony. As the court did not err in this regard, Reinbolt was not deprived a fair trial and the interests of justice did not require a new trial.

¶12    We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.

¶13    Affirmed.

/S/ INGRID GUSTAFSON

We concur:

/S/ MIKE McGRATH
/S/ LAURIE McKINNON
/S/ JAMES JEREMIAH SHEA
/S/ DIRK M. SANDEFUR